**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

# CHAPTER 13 PLAN
## Amended Plan # 1

**The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan. This Amended Plan may be further amended by Agreed Orders. Parties should check PACER to verify all the terms of the proposed plan as service copies of this Amended Plan may not show highlighted changes.**

Tab through Plan to fill in all necessary information.
Then, unsecure form (online instructions available) to fill in tables and Special Plan Provisions.

**Debtor(s) Name:** Henry D. Black
Donna S. Black

**Case No.:** 11-34229

**Above Median Income:** ☒            **Below Median Income:** ☐

**No deviation of the formatted Plan is allowed except as provided in Paragraph 19, "Special Plan Provisions". Any changes in treatment (additions or deletions) from the original Plan to this Amended Plan must be highlighted in yellow or typed in red as to the Amended Plan filed at Court.**

---

**Debtor is eligible for discharge under §1328(f) unless otherwise marked below.**

☐   No, Debtor is not eligible for discharge under §1328(f).

> You should read this Plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral, both real and personal property, securing your claim, by providing for a treatment of your claim contrary to your current status, and/or by setting the interest rate on your claim. The confirmation hearing in this case shall include a valuation hearing pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012. The Court may confirm this case if no objection to confirmation is filed within fourteen (14) days after the §341 Meeting of Creditors is concluded [(L.B.R. 3015-3(a)].
>
> Your rights may be affected by the Plan and upon confirmation you will be bound by the terms of this Plan. You should read the provisions in this Plan carefully (especially the Special Plan Provisions of Paragraph 19) to ensure that you protect your rights and understand the provisions of this Plan and file any appropriate response or objection in a timely manner pursuant to the guidelines set forth in this Plan, the L.B.R. or the Bankruptcy Code.

Creditors changing their "Notice" address or "Payment" address must file with the Clerk's Office a Notice of Changed Address in each case the address is changing. A copy of this form is on the Trustee's website at: www.Dayton13.com.

If this is a joint case, the estates will be consolidated for administration purposes, 11 U.S.C. §302(b).

**1.   Plan Payment and Length** - The Debtor(s) shall pay to the Trustee all projected disposable income in the amount of   $ 2,850.00 and **the Plan must project for thirty-six (36) – sixty (60) months if Below Median Income and sixty (60) months if Above Median Income, unless 100%, but not to exceed five (5) years.**

☐ Below Median Income: Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months in a Below Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of          % to each allowed pre-petition unsecured claim.

**OR** (but NOT both paragraphs)

☒ Above Median Income: Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 60 months in a Above Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of    21%   for non-priority unsecured creditors.

This provision does not prohibit the debtor from pre-paying the plan before 36 or 60 months of plan payments.

The length of the Plan will be determined from the time that the first payment under the original confirmed plan was due, which shall be deemed to be the first scheduled Section 341 Meeting of Creditors.

**2.   Effective Date of Plan and Modification of Plan** - The effective date of the plan shall be the date of the confirmation of a plan.

**3.   Filing of Proof of Claim, Allowance and Payment of Claims** - Administrative expenses- Independent appraisals of real estate, as requested by the debtor herein, shall be paid as an administrative expense pursuant to 11 U.S.C. §503 upon the timely filing of a proof of claim.

**4.   Pre-Confirmation Adequate Protection Payments and Lease Payments** – The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an Order of the Court.  The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee by the §341 Meeting of Creditors by cashiers check, money order or certified check. Creditors must file a proof of claim to receive payment. The Trustee is entitled to receive his fees on these payments.

| Name and Address of Creditor* | Property Description | Interest Rate | Monthly Payment Amount |
|---|---|---|---|

|  |  | Item 8 Unless Otherwise Specified | $ |
|---|---|---|---|
|  |  |  |  |

**Note: Adequate Protection Payments should provide an amount to offset any depreciation of the asset. A recommended amount is 1.5% of the amount to be paid in the plan and the amount must be stated in the "Monthly Payment Amount". Any Pre-Confirmation lease payment will not be paid additional interest.**

**\*Paragraphs 5(D) or 5(E) must also be completed. If you provide Pre-Confirmation Adequate Protection payments, you must also provide for monthly payments in paragraph 5(D) or 5(E).**

**5.    Classification of Claims and Sequence of Payments** - Subject to Item 4., all non-mortgage Class 1 payments should be calculated for payment beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

<u>**Class 1:**</u> Scheduled claims for which the plan designates specific monthly payments –

    **A. Domestic Support Obligations:**
        **(1) Designate Priority Claims under §507(a)(1)(B)**
            (a) ☒ None.
            (b) Trustee disburse ☐ Debtor disburse ☐
            (c) The names, addresses and phone number of the holder of ANY domestic
            support obligation as defined in Section 101(14A): (including child support,
            spousal support, debts ordered paid per separation agreement or divorce decree.)

| Name | Address, City, State and Zip Code | Telephone Number | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|---|
|  |  |  |  |  |

            **(d)  The debtor is required to pay all post-petition domestic support
            obligations <u>directly</u> to the holder of the claim and <u>not</u> through the
            Chapter 13 Trustee.
            (e) If the debtor becomes subject to a Domestic Support Obligation during
            the term of his or her Chapter 13 Plan, the Debtor <u>shall</u> notify their
            attorney and the Chapter 13 Trustee's Office  and by Notice to the
            Court of the name, address and phone number of the holder of such
            obligation.**

        **(2) Arrearages owed to Domestic Support Obligation holders or governmental units**

**under Section 507(a)(1)(A) and (B):**
(a) ☒ None.
(b) Trustee disburse ☐ Debtor disburse ☐
(c) Name of holder of Domestic Support Obligation Arrearage Claim or assigned to or owed to a governmental unit and estimated arrears:

| Name of Creditor | Estimated Arrearage Claim | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|
|  |  |  |  |

**B. Regular mortgage payments secured by real estate** should be calculated for payment after confirmation starting from the month following the month of the filing of the petition.

**(1)** **Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, or there is an arrearage as of the petition filing date, the mortgage proof of claim shall include Official Form B10 Mortgage Proof of Claim Attachment or, in the alternative, provide the needed information for the Trustee and Debtor to review the Proof of Claim as to any escrow, principal balance, current payment, arrearage, fees and other charges.

**(2) Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim and serve the debtor, debtor's attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change. The form is required whether the security interest is in the debtor's principal residence or other piece of real property. This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com.

**C. Executory Contracts/Leases**
☒ None.
(1) The Debtor rejects the following executory contract:

**REJECTION OF LEASE**

| Name of Creditor | Property subject to executory contract |
|---|---|
|  |  |

(2) The debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment. **The assumption of the executory contract/lease is only as to the regular monthly payments and not the option to purchase which must be exercised pursuant to the Local Bankruptcy Rules and by separate pleading. The Trustee is authorized to only disburse the regular monthly payments and arrearage amount and not the option to purchase amount.**

☐ Chapter 13 Trustee Disburse

☐ Debtor disburse
[See L.B.R. 3015-1(C)].

Any pre-petition arrearage will be cured in monthly payments prior to the expiration of the lease as noted below:

**ASSUMPTION OF LEASE**

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract a of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment |
|---|---|---|---|---|---|
| | | $ | $ | | $ |

Any Lease Payment will not be paid additional interest.

**D. Claims to Which Section 506 Valuation is NOT Applicable:** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing;

☐ (1) The lien holder is to be paid in full with interest and in equal monthly payments as specified below;

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment Including Interest |
|---|---|---|---|---|---|
| | | | $ | Item 8 Unless Otherwise Specified | $ |

**OR**

☐ (2) The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
| | | |

**OR**

**E. Claims to Which Section 506 Valuation is Applicable:** Claims listed in this subsection consist of any claims secured by personal property not described in the above plan paragraph:

5

| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Payment Amount |
|---|---|---|---|---|---|
| Ford Motor Credit | 2007 Ford F150 | 2007 | $20,815.00 | Item 8 Unless Otherwise Specified | $390.00 |
| KMC Federal Credit Union | 2003 Ford Ranger | 2003 | $5,375.00 | | $101.00 |

**OR**

☐ (1) The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
|  |  |  |

**Note: The personal property shall be valued for purposes of §506(a) of the Code at the lower of the creditor's representation on its Proof of Claim or the Debtor's representation in above paragraph of the Chapter 13 Plan.**

   **NOTE:** If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a pro rata basis based on the unpaid specific monthly payments due through that month's distribution.

   **F. Administrative Claims such as Attorney's Fees to be paid their monthly payment prior to all other per monthly payments listed in Class 1 (B), (C), (D) and (E) claims. If Class 1 monthly payments and attorney fees' payments (plus the Trustee's fees) exceed the Chapter 13 Plan payment, then attorney fees will be reduced.**

   **Otherwise, to be paid in monthly amount as set forth below:**

Attorney Fees Requested to be paid by Trustee pursuant to the Application for Allowance of Fees, Form 2016-1, and Allowed by the Court are to be paid pursuant to Local Bankruptcy Rule L.B.R. 2016-1 or as funds are available. The fees listed below MUST match the Application for Allowance of Fees in order to be paid.

| Amount Fee Requested | Fee Due in Plan | Monthly Amount (over at least 12 months) |
|---|---|---|
| $3,500.00 | $3,000.00 | $250.00 |

**Class 2:** Secured claims listed on Schedule D for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class. This class will include mortgage arrearages, additional post-petition attorney fees, Certificates of Judgment and secured real estate taxes. The listing of mortgage arrearage is an estimate only and will be paid pursuant to the filed Proof of Claim subject to the claims objection process. **Paid only after Class 1 claims are paid current. If no value is given in this Plan for a Class 2 claim, the value for a Class 2 secured claim is the lower of the claimant's representation on its proof of claim or the debtor's representation as set forth on "Schedule D – Creditors Holding Secured Claims". L.B.R. 3012-1(a).**

**Class 3:** Priority Claims listed on Schedule E for inclusion in this class. Paid only after Class 2 claims are paid in full.

Section 1322(a) of the Bankruptcy Code provides that all claims entitled and filed as priority under Section 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under Section 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claims and not entitled to priority.

**Class 4:** Reserved

**Class 5:** All other pre-petition claims, including unsecured claims not otherwise part of another class, the under secured portion of secured claims and the non-priority tax claims as set forth in Item 18. Distributions on the claims in this Class 5 shall be –

   (A) Paid after Classes 2 and 3 are paid in full and after Class 1 claims are paid current.

**Class 6:** Post-petition claims will be paid at the Trustee's discretion depending on availability of funds and length of plan.

**Class 7:** Scheduled claims which are to be paid by a non-debtor and are not to be paid by the Trustee or the Debtor.

**Class 8:** Scheduled claims which are not to be paid by the Trustee or the Debtor.

**Class 9:** Scheduled claims on which the payments are to be disbursed by the Debtor.

6. **Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property)** –

   (A) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim, or the Debtor proposes to surrender the property securing the claim to such holder**, the holder of each allowed secured claim shall retain the lien securing such claim until the secured and unsecured claim is paid**, and shall be paid an amount that is not less than the allowed amount of such claim, plus interest at the rate hereinafter set forth on the unpaid balance of the allowed secured claim.
   (B) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the amount of the allowed claim as of the date of the filing of the petition. The value of personal property securing the claim shall be the value as scheduled by the debtor,

7

unless otherwise ordered.

7. **Unsecured Claims** - Unsecured claims shall be paid in a manner that provides the same treatment for each claim within a particular class.

8. **Interest** –
   (A) The interest rate to be paid on allowed Class 1 and Class 2 secured claims, including prepetition real estate mortgage arrearages, if appropriate, shall be based on the national prime rate plus the appropriate risk factor of **1.5%** from the date nearest to the approximate date of confirmation of the plan unless otherwise specified in the Plan. The rate will be determined as shown in the *Wall Street Journal* for Money Rates. The actual amount of interest paid will be calculated by the Trustee in the Trustee's reasonable and customary administration procedures.

   (B) Except as provided by subparagraph (D), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.

   (C) No interest shall be paid on any unsecured claim unless specifically provided for by the plan, **except** as provided by operation of law.

   (D) No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

9. **Vesting of Property in Debtor** - All property of the estate shall not vest back to the Debtor after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted.

10. **Sale of Real Estate** – Upon the filing of the appropriate motion and pursuant to Local Bankruptcy Rules, any scheduled real estate may be sold during the life of the plan if there would be sufficient proceeds to pay in full all mortgages and liens encumbering the property. Any sale shall be subject to approval of the Court, and will be free and clear of liens with the liens of any mortgagees and lien creditors attaching to the proceeds of sale. Mortgages and liens shall be canceled of record upon payment of the mortgages and liens. If the real estate sold is the Debtor's residence a portion of the sale proceeds may be paid to the Debtor for relocation expenses.

11. **Real Estate Taxes** - Allowed real estate tax claims to be disbursed by the Trustee will be only those real estate taxes due and payable, without penalty, as of the date of the filing of the petition. Real estate taxes payable after the date of the filing of the petition will be disbursed by the Debtor.

12. **Designation and Payment of Special Classified Class of Unsecured Claim** –

    **(A)     Below Median Income Case -** If any unsecured consumer debt (i.e., cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payment shall not commence until after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater. This debt is to be set forth in Item 19.

13. **Trustee Discretion on Distributions** - The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

**14.** **Personal injury claims, workers compensation claims, social security claims and miscellaneous claims of the Debtor** - The Debtor shall keep the Trustee informed as to any change in status of any claim for personal injury, workers compensation, social security, buyouts, severance packages, inheritance or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments to increase the dividend for unsecured creditors or as the Court so otherwise orders. The Debtor's case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

**15.** **Casualty Loss Insurance Proceeds (Substitution of Collateral)** - If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the Debtor shall have the option, upon the filing of the appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to either repair the vehicle, pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, with any balance of the proceeds after secured and unsecured claims have been paid, refunded to debtor up to the exempt amount claimed by the debtor or to substitute collateral by purchasing a replacement vehicle. If any amount of proceeds exists after paying the secured and unsecured claims and exemption, said proceeds shall be paid into the plan as additional plan payments unless otherwise specified in the Motion and Order to Retain Insurance Proceeds. If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the Trustee will continue to pay the allowed secured claim.

**16.** **Utility Deposits** – The plan provides adequate assurance of payment pursuant to 11 U.S.C. §366. Any utility requiring a security deposit shall forward written notice of the security deposit to the Debtor's counsel. The security deposit demand shall comply with PUCO requirements. The security deposit demand shall be paid as an administrative expense by the Chapter 13 Trustee, through the plan after confirmation and upon the filing of a proof of claim for a security deposit demand by the utility. No utility shall discontinue service to Debtors after filing of the petition for failure of the Debtors to pay a security deposit.

17. **Tax Returns and Refunds –** If Debtors are required to submit their Internal Revenue Service tax returns and refunds, Debtors shall submit the returns to the Trustee by April 30th of each required year and the refunds must be turned over to the Trustee by June 1st of each required year. Said refunds shall first be used to satisfy the secured and priority claims of the I.R.S. and then as additional plan payments to increase the dividend for unsecured creditors. Any Motions to Use Tax Proceeds shall be filed by June 1st or failure to follow these provisions may result in sanctions or dismissal of your case. Said motion shall be considered a modification to the confirmed plan and served accordingly.

**18.** **PLAN FOR REAL ESTATE** **(Use separate schedule for each parcel of real estate)**

**NOTE: If the intent of the Debtor is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding SHOULD be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.**

**(A)** **Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, or there is an arrearage as of the petition filing date, the mortgage proof

9

of claim shall include <u>Official Form B10 Mortgage Proof of Claim Attachment or, in the alternative, provide the needed information for the Trustee and Debtor to review the Proof of Claim as to any escrow, principal balance, current payment, arrearage, fees and other charges.</u>

**(B)      Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court <u>Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim</u> and serve the debtor, debtor's attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change. <u>The form is required whether the security interest is in the debtor's principal residence or other piece of real property.</u> This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com.

(C)   Any assessments, fees, costs, expenses or other monetary amounts, exclusive of principal, interest, taxes and insurance that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge assessed by any creditor against either the debtor or the real property of the debtor may be assessed, charged or collected only as allowed by an Order of the Court or an allowed Proof of Claim. The Mortgage Servicer, or Mortgage Claimant, shall perform an annual escrow analysis and shall file yearly a Notice of Payment Change with a copy of the escrow analysis showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, and thirty days after the Notice of Intent to Pay Claim has been filed, the Trustee will modify the monthly plan payment in accordance with the Notice provided or Amended Proof of Claim.

(D)     No late charges, fees or other monetary amounts shall be assessed on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

(E)     **Valuation of real estate is set at confirmation unless the appraisal is not filed per L.B.R. 3015-3(e)(3).** The confirmation hearing will include a §506(a) or B.R. 3012 valuation hearing if a creditor disputes the value and objects pursuant to the requirements of the Local Bankruptcy Rules. If no objection is timely filed, the value as set forth in the Chapter 13 Plan and/or filed Appraisal will be binding upon confirmation of the Chapter 13 Plan.

(F)    Mortgage Loan Modifications
If a Mortgage Loan Modification has been approved **prior to the filing of the Chapter 13 Petition** by the Mortgage Creditors, the approval documents must be provided to the Trustee at least seven (7) days prior to the Meeting of Creditors. The Loan Modification will control as to the revised numbers. If the Loan Modification is pending, then Local Bankruptcy Rules will control and the mortgage will be paid pursuant to these requirements. If there is an arrearage at the time of the filing of the Chapter13 Petition, then the mortgage will remain being paid through the Trustee's Office even if the subsequent Loan Modification states the arrears will be paid at the end of the mortgage. Forms for the Motion for Loan Modification are found on the Trustee's website at: www.dayton13.com.

**PARCEL NO. 1**
**Description and Location of Property:   105 Johnson Trail, Dayton, Ohio  45418**

Appraisal must be provided by Debtor and the appraisal must be filed with the Court before the Meeting of Creditors.

Personal Residence ☒ Yes ☐ No     Original Purchase Price  $165,000.00

---

Lien Holder #1 (Must match Schedule D)    PNC Mortgage, 3232 Newmark Drive, Miamisburg, Ohio  45342
Monthly Payment                                                 $965.07
Months in Default                                                    3
Total Arrearage (including month petition filed)*         $2,895.21

☐ PLAN: Mortgage payments to be disbursed by the Trustee unless this box is checked for disbursement by the Debtor

If arrearage on the mortgage at the time of filing, payment must be disbursed by the Trustee pursuant to L.B.R. 3015-1(d)(1).

☐ Interest will NOT be paid on the mortgage arrearage claim unless this box is checked:

If Trustee disburses, then arrearage shall be paid as a class 2 creditor.
**\* Estimate only-the filed Proof of Claim, subject to objections, shall determine the actual arrearage.**

Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".

_____

Lien Holder #2 (Must match Schedule D)    PNC NE ER, 4661 E. Main Street, Columbus, Ohio  43213

Monthly Payment                                                 $ 93.00
Months in Default                                                 7.32
Total Arrearage (including month petition filed)*         $681.46

☐ PLAN: Mortgage payments to be disbursed by the Trustee unless this box is checked for disbursement by the Debtor.
☐ Debtor will be filing a motion to avoid this certificate of judgment.

If arrearage on the mortgage at the time of filing, payment must be disbursed by the Trustee pursuant to L.B.R. 3015-1(d)(1).
☐ Interest will NOT be paid on the mortgage arrearage claim unless this box is checked.

Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".

Lien Holder #3 (Must match Schedule D) Huntington National Bank, 41 S. High Street, Columbus, Ohio 43215

| | |
|---|---|
| Monthly Payment | $ 549.00 |
| Months in Default | 6+ |
| Total Arrearage (including month petition filed)* | $3,640.00 |

0 PLAN: Mortgage payments to be disbursed by the Trustee unless this box is checked for disbursement by the Debtor.

X  Debtor will be filing an Adversary Proceeding to Avoid this mortgage.

If arrearage on the mortgage at the time of filing, payment must be disbursed by the Trustee pursuant to L.B.R. 3015-1(d)(1).
0 Interest will NOT be paid on the mortgage arrearage claim unless this box is checked.

Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".

---

**19. The Special Plan Provisions** listed below, if any, are restricted to those items applicable to **Debtor's particular circumstances.** NOTE: Special Plan Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy code or local or national rules of bankruptcy procedures, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or similar matters.

**Special Plan Provisions:**

**(A)** ☒ **Other:**  Unsecured debt to be paid by son, Seth Black.  There is an unsecured debt listed on schedule F page 11 to Hsbc/Bsbuy (Bestbuy). The Debtor wife is liable on this account as a cosigner, her son, Seth Black, is the primary cardholder. All the charges that have been made on this account have been made by Seth Black.  He has made and will continue to make all the payments due on this account.  This Debt will not be paid in the plan or by the Debtors and will be classified as a Class Seven Debt.

**Other: Increase in payment upon payment of Husband's TSP Loan.**  In approximately 36 months, Husbands TSP Loan of $20,451.05 will be paid off. Within 30 days after said loan payments cease the Debtors will file a modified plan. This modification should increase the plan payment by about $550.00 per month unless there are other changes in the Debtors' financial circumstances.

**Other:  Payments and Litigation regarding claim of Huntington National Bank. ("Creditor")** The claim of Creditor is based on a predatory mortgage loan.  Debtors have listed the claim under the Plan for Real Estate solely to comply with the Chapter 13 Trustee's guidelines.  Debtors' shall pursue affirmative recoupment claims against the Creditor pursuant to The Truth in Lending Act, 15 USC § 1601 et seq,  and for fraud, which if proven will offset Creditor's claim.  Debtor's also assert an affirmative claim for bifurcation of the mortgage

pursuant to 11 USC § 1322(b) and 506(a) as the loan provisions secure debts and amounts other than the Debtors' residence. The Debtors' position is that this loan was made in violation of numerous lending laws and is a spurious Home Equity Line of Credit.  The trustee will collect and hold $549.00 of each monthly payment as adequate protection for Creditor's claim pursuant to 11 USC §1325(b)(2) and (5), until the validity and extent of the Creditor's claim is determined.  If this case is dismissed prior to the resolution of the Creditor's claim, the net amount of the adequate protection funds in the hands of the trustee shall be paid to the Creditor.  The balance of any undistributed funds or any funds unaccounted for from the resolution of the Creditor's claim will remain in the plan for distribution by the trustee pursuant to the Debtors' Plan and/or order of this Court.  The Debtors will file the appropriate objection to claim and motions as necessary.  Any adversary proceeding will be filed within 60 days after confirmation of the plan.  ==Although this debt has been listed on schedule D of the Bankruptcy Petition, it is the Debtor's intention that after litigation this debt will be treated as unsecured or at worst be bifurcated into secured and unsecured portions.==

**(B)** ☐ **Surrender of Real Estate -** Debtors hereby surrender the real estate property located at Property Address. Trustee will **not** pay on any mortgages, mortgage arrearages or certificate of judgments related to this real estate, nor pay any county real estate taxes on this property as the taxes will be paid at the foreclosure sale unless otherwise provided for in this Plan. Trustee will NOT pay on the claims of Mortgage Creditors  for any filed mortgage claims or liens until Creditor files a deficiency claim. The deficiency claim shall be filed no later than 270 days from the date that the within Plan is confirmed. If the deficiency claim is filed more than 270 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the Creditor filing timely a Motion to Extend Time OR Motion to File the Deficiency Claim Out of Time. The personal liability of the Debtors shall be discharged upon completion of the Plan and the entry of Discharge.

**(C)** ☒ **Avoiding Lien, Mortgage or Judgments -** ==Debtor(s) are filing an Adversary Proceeding/ Motion to avoid the mortgage/ judgment lien of Creditor, Huntington National Bank, on the property located at   105 Johnson Trail, Dayton, Ohio  45418.  Said action should be filed within thirty (30) days of confirmation.  Huntington National Bank shall release the mortgage/ lien upon completion of the Plan as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History. In the event of failure of the Creditor, Huntington National Bank,   to execute and deliver the release of the mortgage or lien within thirty (30) days after the plan completion as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History in the instant case, Debtor(s) may present a certified copy of this Court's Order regarding the mortgage or lien to the Office of the County Recorder of the proper county and said document will act as a release with regards to the mortgage or lien.==

**(D)** ☒ **Relief From Stay -** If at any time during the Plan a mortgage holder obtains relief from stay on the real estate located at  105 Johnson Trail, Dayton, Ohio  45418, the Trustee shall discontinue all payments to the creditor   and all other lien holders,  PNC Mortgage, PNC NE ER, Huntington National Bank and Montgomery County Treasurer   on their claims under the Plan. The mortgage creditor is directed to file a report of sale promptly following liquidation of the subject property if any excess proceeds are received. Should the mortgage holder or any other lien holder seek to file any unsecured deficiency claim, it shall do so no later than 90 days after the order on relief is entered unless as allowed by further Order of the Court. If no deficiency claim is timely filed as specified above, or the mortgage holder fails to complete the sale, the personal liability of the Debtors shall be discharged upon the Court entering the Order of Discharge in this case.

13

**20.    Method of Plan Payment –** The Debtors acknowledge they have been informed that the Local Bankruptcy Rules require payments to be **MADE BY WAGE DEDUCTION** unless otherwise authorized by the Trustee or ordered by the Court.  The Debtors acknowledge they are required to pay the first plan payment **to the Trustee's lockbox by the time of the Meeting of Creditors by Certified Check, Cashier's Check or Money Order** and to continue to pay the proposed plan payments until otherwise ordered by the Court or notified in writing by the Trustee. If the Debtor is employed and has sufficient wages, the wage deduction will commence upon Court order. **It is understood by the Debtor that for any pay period when the plan payments are not deducted from the Debtors' wages that the Debtors shall pay the payment to the Trustee at his lockbox by Certified Check, Cashier's Check, or Money Order.**

$          or 100 % of the plan payment is to be deducted from the male Debtor's wages.
Debtor is paid ☐ Weekly ☒ Bi-weekly ☐ Semi-monthly ☐ Monthly

$          or          % of the plan payment is to be deducted from the female Debtor's wages.
Debtor is paid ☐ Weekly ☐ Bi-weekly ☐ Semi-monthly ☐ Monthly

> **Signatures(s) of Debtor(s) (Individual/Joint)**
> I declare under penalty of perjury that the information provided in this plan is true and correct.
> X /s/ Henry D. Black                              /s/ Donna S. Black
>    Signature of Debtor                            Signature of Debtor
> Date            September 13, 2011

**All parties are hereby placed on notice that an objection to this amended plan must be filed within twenty-one (21) days of the date set forth on the Certificate of Service or an order will be submitted to the court confirming this amended plan. If an objection to this amended plan is timely filed, then this matter shall be set for hearing.**

A copy hereof was served upon the following on the ___6th___ day of ___December, 2011___

Electronic Service:
United States Trustee
Jeffrey M. Kellner, Chapter 13 Trustee

Mail Service:

Donna S. Black and Henry D. Black, 105 Johnson Trail, Dayton, Ohio  45439
Ford Motor Credit Company, LLC, PO Box 6275, Dearborn, MI 48121-6275
HSBC Bank Nevada, NA, Bass & Associates, P.C., 3936 E. Ft. Lowell Road, Suite 200, Tucson, Arizona  85712
John A. Schuh, 2662 Madison Road, Cincinnati, Ohio  45208-1332
Kettering Health Network Credit Union, c/o Stephen D. Miles, 18 West Monument Avenue, Dayton, Ohio  45402
PNC Bank National Association, c/o Steven Henry Patterson, Lerner, Sampson & rothfuss, P.O. Box 5480, Cincinnati, Ohio  45201-5480


Creditors and other interested parties as shown by the attached matrix



DATE: ___December 6, 2011___      SERVED BY: __/s/ Lester R. Thompson

ACB American Inc
PO Box 2548
Cincinnati, OH 45201-2548

City of Moraine
Income Tax Division
4200 Dryden Rd.
Dayton, OH 45439

EBSCO Teleservices
P.O. Box 830049
Birmingham, AL 35283-0049

Action Collection Agency
P.O. Box 902
Middleboro, MA 02346-0902

Competitive Edge Athletics
4640 Lyons Rd.
Miamisburg, OH 45342

Emergency Medicine Specialists
PO Box 145406
Cincinnati, OH 45250-5406

Alliance Physicians dba Kiklar Makola
P.O. Box 71/1808
Columbus, OH 43271-1808

Compunet Clinical Laboratories
PO Box 714133
Cincinnati, OH 45271-4133

Far Oaks Orthopedists Inc.
2350 Miami Valley Dr.
Suite 320
Dayton, OH 45459

AMCA
PO Box 1235
Elmsford, NY 10523-0935

Computer Collections Inc.
640 W. Fourth St.
P.O. Box 5238
Winston Salem, NC 27113-5238

Ffcc-Columbus Inc
1550 Old Henderson Rd St
Columbus, OH 43220

Anesthesiology Services Network
PO Box 632317
Cincinnati, OH 45263

Credit Coll
Po Box 9134
Needham, MA 02494

First Federal Credit Control
PO Box 20790
Columbus, OH 43220-0790

Cardiology South
1380 E. Stroop Road
Kettering, OH 45429

Dayton Pediatric Imaging
PO Box 71-4690
Columbus, OH 43271

Ford Cred
Po Box Box 542000
Omaha, NE 68154

CBCS - 35
PO Box 163279
Columbus, OH 43216-1838

Dayton Pediatric Imaging
PO Box 176517
Ft Mitchell, KY 41017-6517

Ford Motor Credit Company
National Bankruptcy Service Center
PO Box 537901
Livonia, MI 48153-7901

CheckSmart
7001 Post Road, Suite 200
Dublin, OH 43016

Dayton Pediatric Imaging, Inc.
P.O. Box 176517
Ft Mitchell, KY 41017-6517

Ford Motor Credit Company, LLC
PO Box 6275
Dearborn, MI 48121-6275

Childrens Medical Center
One Children's Plaza
Dayton, OH 45404-1815

Dayton Power & Light
1065 Woodman Drive
Dayton, OH 45432

Gemb/Amer Eagle
Po Box 530942
Atlanta, GA 30353-0942

Citizens Caf
480 Jefferson Blvd
Warwick, RI 02886

Dermatologists of SW OH
Dermatologists of Greater Columbus, Inc.
5300 Far Hills Ave., Ste. 100
Dayton, OH 45429-2323

Genpact Services LLC
P.O. Box 1969
Southgate, MI 48195-0969

HSBC Bank Nevada
Bass & Associates PC
3936 E Ft Lowell Rd., Ste 200
Tucson, AZ 85712-1083

HSBC Bank, Att: Bankruptcy Dept
PO Box 5213
Carol Stream, IL 60197-5213

Hsbc/Bsbuy
Po Box 15521
Wilmington, DE 19850-5521

Hsbc/Bsbuy
Po Box 15519
Wilmington, DE 19850

Huntington National Bank
41 S. High Street
Columbus, OH 43215

Huntington National Bank
PO Box 89824
Cleveland, OH 44101

John A. Schuh, Ohio Reg. 0015292
Schuh & Goldberg, LLP
2662 Madison Rd.
Cincinnati, OH 45208

JP Recovery Services, Inc.
PO Box 16749
Rocky River, OH 44116-0749

Kettering Anesthesia Associates
PO Box 713089
Columbus, OH 43271-3089

Kettering Medical Center
PO Box 713085
Columbus, OH 43271-3085

Kettering Pathologists Associates
PO Box 713084
Columbus, OH 43271

Kettering Physiatrists, Inc.
Dr. John Petty
P.O. Box 713854
Columbus, OH 43271-3854

Kettering Radiologists, Inc.
Dept. 4150
PO Box 713083
Columbus, OH 43271-3083

KH Network Credit Union
7740 Paragon Road
Dayton, OH 45459

KH Network Credit Union
7740 Paragon Road
', OH 45459-4050

Knickerbocker Pools
1900 E. Whipp Rd.
Dayton, OH 45440

Leisure Lawn
767 Liberty Lane
West Carrollton, OH 45449

Lerner. Sampson & Rothfuss
Attn: Bethany L. Suttinger
P.O. Box 5480
Cincinnati, OH 45201-5480

Mcydsnb
9111 Duke Blvd
Mason, OH 45040

Medco Health
Attn: Payment Processing Center
PO Box 1020
Summit, NJ 07902-1020

Medicredit Corp
3620 I 70 Dr Se Ste C
Columbia, MO 65201

Metro Republic Commerical Serv.
P.O Box 1357
Corona, CA 92880-6974

Miami Valley Hospital
PO Box 713072
Columbus, OH 43271-3072

Montgomery County Treasurer
451 W. Third St.
Dayton, OH 45422-0002

Motorists Insurance Companies
471 E. Broad St.
Columbus, OH 43215-3861

National Credit Management
P.O. Box 32900
Saint Louis, MO 63132-8900

Nco Fin/99
P.O. Box 4939
Trenton, NJ 08650-4939

NCO FINANCIAL
PO Box 4939
Trenton, NJ 08650-4939

Neurosurgery Diagnostics
PO Box 633668
Cincinnati, OH 45263-3668

Oak Creek OB/GYN, Inc.
1956 E. Whipp Rd.
Kettering, OH 45440

Orthopaedic Center for Spinal and
PO Box 843214
Boston, MA 02284-3214

PNC Mortgage
3232 Newmark Drive
Miamisburg, OH 45342

Rossman & Company
PO Box 29917
Columbus, OH 43229-7517

Orthopaedic Institute of Dayton
3205 Woodman Drive
Dayton, OH 45420

Pnc Ne Er
P.O. Box 856177
Louisville, KY 40285-6177

Southwest Cardiology, Inc.
3533 Southern Boulevard, Suite 210
Kettering, OH 45429-1263

Orthopedic Assoc of SW Ohio
PO Box 713130
Cincinnati, OH 45271-3130

Pnc/Ohio
P.O. Box 747032
Pittsburgh, PA 15274-7032

Stephen D. Miles, Esquire
18 W. Monument Avenue
Dayton, OH 45402

PCB
PO Box 29917
Columbus, OH 43229-7517

Portfolio Recovery Associates
PO Box 41067
Norfolk, VA 23541

Steven H. Patterson, Case Attorne
P. O Box 5480
Cincinnati, OH 45201-5480

Physicians Credit Bure
3592 Corporate Dr Ste 10
Columbus, OH 43231

Portfolio Recovery Associates
PO Box 41067
Norfolk, VA 23541-1067

Target National Bank
c/o Weinstein and Rileym PS
2001 Western Avenue, Ste 400
Seattle, WA 98121-3132

Physicians Credit Bure
3592 Corporate Dr., Ste 10
Columbus, OH 43231-4978

Progressive Internal Medicine
P.O. Box 9510
Belfast, ME 04915-9510

Target Nb
P.O. Box 660170
Dallas, TX 75266-0170

Pnc Bank
P.O. Box 856177
Louisville, KY 40285-6177

Pulmonary & Medicine of Dayton, Inc.
4000 Miamisburg-Centerville Rd.
Suite 450
Miamisburg, OH 45342

Transworld Systems Inc.
3077 Kettering Blvd.
#209
Dayton, OH 45439

Pnc Bank
1 Financial Pkwy
Kalamazoo, MI 49009

Receivable Management Services
77 Hartland Street, Suite 401
P.O. Box 280431
East Hartford, CT 06128-0431

Tri-State Adjustments Inc.
PO Box 3219
La Crosse, WI 54602-3219

PNC Bank
PO Box 94982
Cleveland, OH 44101-4982

Revenue Group
3700 Park East Dr. Suite 240
Beachwood, OH 44122-4308

United Trade
2310 Far Hills Ave
Dayton, OH 45419

PNC BANK NE ER
4661 E. Main St.
Columbus, OH 43213

Ricardo Mario Buenaventura, MD
P.O. Box 643938
Cincinnati, OH 45264-3938

United Trades Association, Inc.
2310 Far Hills Avenue
Kettering, OH 45419

US Attorney
602 Federal Building
200 West Second Street
Dayton, OH 45402-1443


Us Dept Of Education
Po Box 5609
Greenville, TX 75403


Vectren Energy
PO Box 6262
Indianapolis, IN 46206-6262


Vengroff Williams & As
777 Larkfield Rd Ste 116
Commack, NY 11725


Weltman, Weinberg & Reis
Attn: Nicholas D. Palumbo
175 S. Third St., Suite 900
Columbus, OH 43215